UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LORI ELIZABETH DAVID, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-CV-00245 JD |
| | ) |
| ANDREW M. SAUL, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

The Court previously remanded this social security appeal to the Commissioner for further proceedings on plaintiff Lori David's claim for benefits. The Court also awarded attorneys' fees under the Equal Access to Justice Act in the amount of $4,014. [DE 17]. On remand, the Commissioner made a fully favorable decision on Ms. David's claim. That resulted in an award of past-due benefits in the amount of $85,028. [DE 18-5]. Ms. David's attorney now moves for an award of attorneys' fees under 42 U.S.C. § 406(b) and seeks one quarter of the amount of past-due benefits, which is $21,257. [DE 18]. Counsel also represents that he will return the EAJA award ($4,014) to Ms. David upon receipt of the 406(b) award. The total amount requested by Ms. David's attorney then is $17,243. The Commissioner does not oppose this request provided that the Court determines the requested amount is a reasonable fee and that the plaintiff's counsel refund the previously awarded EAJA fees. [DE 19].

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). Counsel cannot recover fees under both the EAJA and § 406(b), though, so they

must either refund the EAJA award or subtract that amount from the § 406(b) request. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (explaining that "an EAJA award offsets an award under Section 406(b)").

The fees awarded under 406(b) must be reasonable. *Gisbrecht*, 535 U.S. at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . .
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807–08 (citations and footnotes omitted).

The Court finds the requested fee is reasonable under that standard. Counsel spent 19.8 hours of attorney time on Ms. David's appeal in this Court. [DE 18-2]. Considering the attorney time and the total 406(b) award requested, that would result in a rate of $1,073.59 per hour. But reducing the total by the EAJA fee award (the smaller of the two awards), results in a rate of $870.89 per hour, which is well within the range of rates that courts have approved in this context. The 25% award to the plaintiff's counsel is also consistent with the assignment made in the fee agreement. [DE 18-1].

The Court therefore GRANTS the motion for attorneys' fees under § 406(b) in the amount of $21,257 and ORDERS the Commissioner to pay that amount out of the award of past-due benefits. [DE 18]. Upon receipt of that amount, counsel shall refund the EAJA award to Ms. David.

SO ORDERED.

ENTERED:  February 12, 2021

                                         /s/ JON E. DEGUILIO
                                         Chief Judge
                                         United States District Court